MARIANO RODRÍGUEZ ROSARIO, Petitioner, *v.* DISTRICT COURT OF ARECIBO, Respondent.

No. 316.   Argued June 23, 1938.—Decided July 20, 1938.

*Angel Rodríguez Escobar* for petitioner.   *Luis Janer, Assistant Prosecuting Attorney,* for respondent.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

On September 25, 1936, an information was filed in the District Court of Arecibo against Mariano Rodríguez Rosario, petitioner herein, charging him with involuntary manslaughter.   On the 26th of the following month the defendant, was arraigned, and he entered a plea of not guilty and at the same time demanded a jury trial.

On the 23d of last month the defendant, alleging that up to that time no trial had been had, that the same had not been continued or postponed at his instance, and that he had been always ready to stand trial, and *maintaining and claim-*

*ing his right to a speedy trial,* filed a petition for mandamus directed to the above-mentioned court, praying that this court command it to dismiss the prosecution already referred to.

■■ The allegations of the petition for mandamus are so strong, they charge such a disregard of the constitutional rights of the accused, that on the day following its filing, this court issued an order directing the judge of the District Court of Arecibo to appear before this court on the 5th instant, at 2 p.m., and show cause why the peremptory writ of mandamus sought by the petitioner should not be issued.

On the 2nd instant the respondent judge filed his verified answer and from it and the exhibits attached thereto the following appears: That the defendant was arraigned on October 20, 1936, and the trial was set for the 1st day of the following December but could not be held because it had not been possible to locate the defendant. The trial was set anew for February 4, 1937, and all the efforts made to locate the defendant also failed, and Virgilio del Pozo, one of the sureties, in a letter of that same date reported that they had been unable to locate the defendant and that Joaquín Rosa, the other surety, was on that day in San Juan endeavoring to find him and produce him immediately in court. There is also in the record a communication from the marshal of the Municipal Court of Manatí, dated June 1, 1938, in which he advised the marshal of the District Court of Arecibo that all his efforts to summon the defendant had failed, and he returned without proof of service the summons which he had received to be served on the defendant.

The petition for mandamus itself (paragraph 3) shows that the trial was set for the 20th of last month; that the summons was served on the petitioner on the 17th of said month by one of his sureties and that the petitioner then, showing a diligence which he had not before exhibited, filed on the same day, June 17, 1938, a motion to dismiss the prosecution, under subdivision 2 of section 448 of the Code of Criminal Procedure. It further appears that no request was

made to set the hearing of said motion prior to the trial, but on the same day, June 20, he asks for a hearing on his motion and the court flatly denied the request and ordered that the trial of the case be proceeded with, the defendant then moving for a continuance. The trial was postponed to the 12th of September following.

The foregoing statement of facts is the best answer that could be made to the petition for mandamus. Although mandamus is a legal remedy, it partakes of the nature of an equitable remedy and its issuance requires from the petitioner not only that he should have a clear right to it but also that he should come into court with clean hands. In the case at bar, we have already noted the conduct of the defendant, in avoiding the holding of the trial and thus hindering the speedy administration of justice. It is not the purpose of section 448 of the Code of Criminal Procedure to reward those who, like the defendant herein, abscond from justice in order to ask later for a dismissal, charging the court with such negligence as only himself had committed. That seems to have been the purpose of the defendant in falsely asserting in his petition for mandamus that he has always been "maintaining and claiming his right to a speedy trial."

We have no doubt whatever that there has been good cause for the failure to bring the defendant to trial within one hundred and twenty days after the filing of the information. Therefore, the petition for mandamus must be denied.